IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-70170 |
| | § | |
| MICHAEL KEITH CANO, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

### SEER LAB, LLC'S MOTION TO DISMISS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE MOTION MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Seer Labs, LLC ("Seer"), a party in interest, files its Motion to Dismiss Chapter 11 Bankruptcy Case, and would show the Court the following:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Matters concerning dismissal of bankruptcy cases are core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

### Procedural Background

2. On August 29, 2023 (the "Petition Date"), Michael Keith Cano ("Debtor"), filed a voluntary petition (the "Bankruptcy Petition") for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), which initiated the above-referenced case (the "Bankruptcy Case").

3. On December 26, 2023, Debtor filed the Disclosure Statement (the "Disclosure Statement"), along with a proposed plan of reorganization (the "Plan"). [Doc Id. 31].

4. On February 8, 2024, the Court granted Seer's Objection to the Disclosure Statement and entered an order granting the Debtor leave to file an amended disclosure statement no later than March 7, 2024. [Doc Id. 44].

5. To date, the Defendant has not filed an amended plan and disclosure statement. Additionally, the Debtor did not request that such deadline be extended. On March 8, 2024, the Court entered an order for the Debtor to show cause why the Bankruptcy Case should not be dismissed or converted to Chapter 7. [Doc Id. 51].

**Background Facts**

6. On or about March 16, 2005, Debtor purchased real property located in Hidalgo County, as more specifically described as:

> LOT 4, THE HIGHLANDS SUBDIVISION, AN ADDITION TO THE CITY OF MISSION, HIDALGO COUNTY, TEXAS, ACCORDING TO MAP THEREOF RECORDED IN VOLUME 43, PAGE 171, MAP RECORDS OF HIDALGO COUNTY, TEXAS.

(the "Property"). The Debtor and his wife, Marina Cano ("Ms. Cano") financed such purchase through a note payable to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust do U.S. Bank Trust National Association, as successor in interest to Valley Mortgage Company, Inc. (the "Lender") in the original principal amount of $226,860.00 (the "Note"), secured by a first lien deed of trust on the Property. *See* recitals contained in Notice of Sale made a part of the recorded Substitute Trustee's Deed, attached hereto as Exhibit "B."

7. The Debtor defaulted on the Note and Debtor and Ms. Cano were served with a Notice of Trustee's Sale stating the note was accelerated and the Property would be posted for a

nonjudicial foreclosure sale. *See* recitals contained in Notice of Sale made a part of the recorded Substitute Trustee's Deed, attached hereto as Exhibit "B."

2. Seer is a single member limited liability company; it is not a huge corporation. Seer is in the business of buying homes at foreclosure sales and refurbishing them for resale. *See* Declaration of Michael Palomo, Member of Seer, attached hereto as Exhibit "A." Specifically, Seer reviews foreclosure listings every month to determine whether any houses listed therein present viable investment opportunities. *Id*. Seer then bids on such properties. *Id*. If successful, Seer repairs and "flips" the house. *Id*. Pursuant to its regular practice, on June 7, 2022, Seer learned that the Debtor's home was posted for foreclosure. *Id*. Seer determined that the Property presented a viable investment and bid on the Property. *Id*. The foreclosure sale (the "Foreclosure Sale") occurred around 10:30 a.m. on June 7, 2022. *Id*. Seer purchased the Property for $301,500.00 and tendered certified checks in that amount immediately after the sale was concluded. *Id*. *See* also, recorded Substitute Trustee's Deed, attached hereto as Exhibit "B."

8. A Substitute Trustee's Deed was then recorded, transferring title to the Property to Seer. *See* Substitute Trustee' Deed, Exhibit "B."

9. Debtor and Ms. Cano filed suit in the 275th Judicial District for Hidalgo County (the "275th"), Texas, styled as *Michael Cano and Marina Cano vs. Selene Finance LP, U.S. Bank Trust National Association, and Servicelink Agency Sales and Posting, LLC* (the "Lawsuit"). In the Lawsuit, the Debtor and Ms. Cano sought to enjoin the Foreclosure Sale (the "Requested Injunction"). *See* Declaration of Michael Palomo, Member of Seer, attached hereto as Exhibit "A." After purchasing the Property at the Foreclosure Sale, Seer intervened in the Lawsuit. *Id*.

10. Prior to filing the Bankruptcy Case, on March 31, 2023, the 275th entered an order denying the Requested Injunction and further ordered that the Debtor and Ms. Cano vacate the

Property (the "Order Denying Injunction") within fifteen days. *See* copies of orders entered by the 275th in the Lawsuit, collectively attached hereto as Exhibit "D." In the Order Denying Injunction, the 275th made the following findings: (1) that Seer established that it is the owner of the Property; (2) that Seer purchased the Property at the Foreclosure Sale, tendered the bid monies, and that the Trustee's Deed was recorded; (3) that the Foreclosure Sale occurred prior to entry of a temporary restraining order; (4) that the temporary restraining order did not comply with Rule 608 of the Texas Rules of Civil Procedure; (5) that the Debtor and Ms. Cano have refused to vacate the Property; (6) that the Debtor and Ms. Cano's interference with Seer's custody and control of its Property was harmful to Seer; and (7) that the harm to Seer caused by the Debtor and Ms. Cano was irreparable. *Id*.

11.  Despite entry of the Order Denying Injunction, the Debtor and Ms. Cano continued to refuse to vacate the Property. On June 26th, 2023, the 275th entered an order setting hearing to hold the Debtor and Ms. Cano in contempt (the "Contempt Order") for violation of the Order Denying Injunction. *See* copies of orders entered by the 275th collectively attached hereto as Exhibit "D." The Contempt Order set hearing for contempt on August 8, 2023 (the "Contempt Hearing") and further ordered that at the hearing, the Court would determine whether there was cause to jail the Debtor for up to 45 days and to likewise jail Ms. Cano for up to 30 days or until they vacated the Property. *Id*.

12.  At the Contempt Hearing, counsel for Seer waived its right to hold the Debtor and Ms. Cano in contempt of the Order Denying Injunction. *Id*. After the Contempt Hearing, the 275th again ordered on August 15, 2023 (the "Enforcement Order"), that the Debtor and Ms. Cano vacate the Property by August 29, 2023. *Id*. The 275th further ordered that, should they fail to vacate by August 29, 2023, that the Hidalgo County Sheriff's Office would forcibly remove the Debtor and

4

Ms. Cano. *Id*. Rather than comply with the orders of the 275th and faced with an August 29, 2023 deadline, the Debtor instead opted to file this fourth Bankruptcy Case. The filing of the Bankruptcy Case on the same day as the deadline to vacate set by the 275th, along with the Debtor's and his wife's serial bankruptcy filings (discussed below), smacks of bad faith and abuse of the bankruptcy process.

13. After the Debtor filed the Bankruptcy Case, the Lawsuit was removed on September 28, 2023 (the "Removed Case") and is pending as Cause No. 7:23-cv-00332 in the United States District Court for the Southern District of Texas, McAllen Division.

## Previous Serial Bankruptcy Filings

14. Between 2019 and the filing of this Bankruptcy Case, the Debtor and Ms. Cano filed multiple bankruptcy cases, all of which were dismissed. Specifically, on or about August 5, 2019, the Debtor filed a Chapter 13 bankruptcy case ("Bankruptcy Case No. 1"), Cause No. 19-70308, which was dismissed on November 21, 2019 on the Chapter 13 Trustee's motion for failure to make timely payments and failure to make necessary amendments to his plan and schedules. The Debtor's address was listed as 2006 Dorado Dr., Mission, Texas 78573 when he filed Bankruptcy Case No. 1.

15. On November 20, 2021, the Debtor and Ms. Cano filed a second bankruptcy case under Chapter 13 ("Bankruptcy Case No. 2"), Cause No. 21-70160. Just weeks after it was filed, Bankruptcy Case No. 2 was dismissed on December 20, 2021 for failure to comply with a deficiency order entered by the Court on November 9, 2021. The Debtor and Ms. Cano's address was listed as 2006 Dorado Dr., Mission, Texas 78573 when they filed Bankruptcy Case No. 2.

16. After the June 7, 2022 Foreclosure Sale Date, on November 14, 2022, Ms. Cano filed a bankruptcy case under Chapter 13 ("Bankruptcy Case No. 3"), Cause No. 22-70189. Bankruptcy Case No. 3 was dismissed on February 29, 2023. Although Ms. Cano agreed to the

dismissal of Bankruptcy Case No. 3, at the time of the dismissal, there was a pending motion to dismiss filed by the Chapter 13 Trustee. Ms. Cano's address was listed as 2006 Dorado Dr., Mission, Texas 78573 when she filed Bankruptcy Case No. 3.

17. Prior to its dismissal, Seer and Ms. Cano signed an Agreed Order (the "Agreed Order") entered in Bankruptcy Case No. 3 on February 9, 2023. The Agreed Order provided that "***in rem* relief from the automatic stay applies as to the Property in any future bankruptcy cases** filed by [Ms. Cano] and any and all others acting in concert with [Ms. Cano] as it pertains to [Seer]." Emphasis added. *See* Agreed Order attached hereto as Exhibit "C."

18. This Bankruptcy Case is the fourth bankruptcy case filed either by this Debtor, the Debtor's spouse, Ms. Cano, or the Debtor and Ms. Cano, jointly. None of the previous cases have been successfully concluded.

## Argument and Authority

### A. Dismissal for Cause

19. Congress has enumerated several examples of "cause" for dismissal of chapter 11 cases, including: (i) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (ii) failure to comply with an order of the court; (iii) failure to file a disclosure statement, or to file or confirm a plan; (iv) failure to pay taxes owed on the Property; and (v) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. 11 U.S.C. § 1112(b)(4) (A), (E), (F), (I), & (J).

20. In addition to living rent free at the Property since the June 7, 2022 Foreclosure Sale, the Debtor has failed to pay ad valorem taxes. Specifically, according to the records of the Hidalgo County Tax Assessor, the sum of $26,268.14 is currently outstanding, with penalties and interest

continuing to accrue. As of the time of the filing of this Motion, Debtor has not properly prosecuted the current Bankruptcy Case, has failed to comply with the Court's February 8, 2024 order, has failed to timely file the disclosure statement and plan, and has failed to timely file monthly operating reports.

### B. Dismissal for Bad Faith

21. An additional ground for dismissal is the Debtor's lack of "good faith" in filing this Bankruptcy Case. While the enumerated grounds for dismissal listed in section 1112(b)(4) of the Bankruptcy Code, alone, would warrant dismissal, it is also well-settled that "cause" includes the lack of good faith in commencing a case. See *In re SGL Carbon Corp.*, 200 F.3d 154, 161 (3d Cir. 1999); In re Elmwood Dev. Co., 964 F.2d 508, 510 (5th Cir. 1992); *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991); *In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir. 1986); see also *In re Porras*, 188 B.R. 375, 379 (Bankr. W.D. Tex. 1995) (noting that bad faith may be grounds for dismissal or conversion of a case).

22. The Fifth Circuit has held that determining whether debtor's filing for relief is in good faith depends on a bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities. See *Little Creek* at 1072. Some of the *Little Creek* factors showing a lack of good faith include: (1) few, if any, unsecured creditors whose claims are relatively small; (2) the property has been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending against the foreclosure in state court; and (3) bankruptcy offers the only possibility of forestalling loss of the property. *Id*. Where several of the Little Creek factors are present, "resort to the protection of the bankruptcy laws is not proper . . . because there is no going concern to preserve . . . and there is no hope of rehabilitation, except according to the debtor's 'terminal euphoria." *Id.*

23. Here, the Bankruptcy Case was not filed in good faith. First, it was filed the same day as the expiration of the Enforcement Order; the same day the 275th had set for the Sheriff to

forcibly remove the Debtor and Ms. Cano from the Property. There are few unsecured creditors, according to the Debtor's schedules. And there is no hope to rehabilitate the Property to the Debtor (as it belongs not to the Debtor, but to Seer), except for his "terminal euphoria."

24. Additionally, the Bankruptcy Case is the fourth bankruptcy filed either by the Debtor, Ms. Cano, or jointly. Each of the prior bankruptcy cases were dismissed for deficiencies or failures. The Debtor and Ms. Cano have been seeking to retain possession of the Property without paying any mortgage, rent to Seer, or taxes on the Property. This current Bankruptcy Case is just the latest iteration of such tactic. Such delay is particularly onerous, because Seer paid $301,500.00 at the foreclosure sale, and for approximately two years has been unable to use it or to recover a return on its investment. The Debtor and Ms. Cano's behavior started in 2019 and continues almost 5 years later.

25. The Debtor and Ms. Cano are serial bankruptcy filers without any regard for the bankruptcy process, the Court's time and resources, or the resources of Seer. Again, Seer is not a large real estate conglomerate. It is a single member company, trying to make a living for its member by flipping houses. This Bankruptcy Case serves no benefit to any creditor or party in interest except the Debtor and Ms. Cano. This is essentially a "two party dispute" and should not be in Bankruptcy Court. Judging the totality of the circumstances, one can come to only one conclusion; that the Bankruptcy Case was not filed in good faith.

26. Because the Debtor and Ms. Cano have a five-year history of filing and not prosecuting bankruptcy cases, Seer requests that the dismissal be with prejudice for at least 180 days.

WHEREFORE, Seer respectfully requests the Court dismiss the Bankruptcy Case for a bad faith filing with prejudice to the Debtor and any and all others acting in concert with him for at least 180 days and for such other and further relief to which Seer may show itself justly entitled.

Dated:  March 22, 2024.

Respectfully submitted,

**Laguna Law, PLLC**
**1305 E. Nolana Ave.**
**Ste. F**
**McAllen, Texas 78504**

/s/ Jeana Laguna
Jeana Laguna
State Bar No.: 24074611
Southern District No. 1129085
(956) 605-1581
jeana@laguna-law.com

**Attorney for Seer Labs, LLC**

**Certificate of Conference**

On March 22, 2024, I spoke to counsel for Debtor regarding the above and foregoing motion.  He indicated that at this time he is opposed to the relief sought therein.

/s/ Jeana R. Laguna

**Certificate of Service**

       I certify that a true and correct copy of the foregoing document was forwarded to the following persons, as well as those persons required to receive notice of the relief requested and/or who have requested to be served by any applicable Bankruptcy Rule, by the Court's CM/ECF Noticing System, by first class mail, postage prepaid, and/or electronic transmission on March 22, 2024:

Michael Keith Cano
2006 Dorado Diver
Mission, Texas 78573

Antonio Martinez, Jr.
Law Offices of Antonio Martinez, Jr., PC
317 W. Nolana Avenue, Suite C
McAllen, Texas 78504

Jeremy Shane Flannery
615 E. Houston Street, Suite 533
San Antonio, Texas 78205

Andrew Jimenez
United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002

                              */s/ Jeana Laguna*
                               Jeana Laguna