IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-70170 |
| | § | |
| MICHAEL KEITH CANO, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

## SEER LAB, LLC'S LIMITED OBJECTION TO EXPEDITED MOTION TO WITHDRAW

Seer Labs, LLC ("Seer"), a party in interest, files its Limited Objection to the Expedited Motion to Withdraw as Counsel (the "Motion") [Doc. Id. 72] filed in the above-referenced case (the "Bankruptcy Case"). The Motion filed on June 5, 2024, requests relief by June 7, 2024. Because Seer objects to any potential delays caused by the relief requested in the Motion, Seer files this limited objection and would show the Court the following:

### Procedural History and Background Facts

1.      On August 29, 2023 (the "Petition Date"), Michael Keith Cano ("Debtor"), filed a voluntary petition (the "Bankruptcy Petition") for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), which initiated the Bankruptcy Case.

2.      On December 26, 2023, Debtor filed a Plan and Disclosure Statement (the "Disclosure Statement"), along with a proposed plan of reorganization (the "Plan"). [Doc Id. 31]. The Plan provided that it was to be funded by a gift to the Debtor from his brother-in-law, Rene Garza in the amount of $330,000.00. See Plan, Page 7. In support of the Plan, the Debtor filed a Declaration signed by Rene Garza wherein he agreed to make a $330,000.00 contribution towards the Plan. [Doc. Id. 40-2].

3.      On February 8, 2024, the Court granted Seer's Objection to the Disclosure Statement and entered an order granting the Debtor leave to file an amended disclosure statement no later than March 7, 2024.  [Doc Id. 44].

4.      The Debtor did not timely file an amended disclosure statement and Seer filed a Motion to Dismiss (the "Motion to Dismiss").  [Doc. Id. 54].

5.      On March 28, 2024, the Debtor late filed an Amended Plan and Disclosure Statement (the "Amended Disclosure Statement"). [Doc Id. 55]. Seer timely objected to the Amended Disclosure Statement. [Doc. Id. 63]. The Amended Plan also provided that the Amended Plan was to be funded by a gift to the Debtor from his brother-in-law, Rene Garza in the amount of $330,000.00. The Debtor attached to the Amended Plan an amended declaration of Rene Garza, wherein he affirmatively stated that he was making a gift contribution of $330,000.00 to fund the Amended Plan. [Doc. Id. 55-1] at Line 6.

6.      On the eve of the hearing on the Amended Disclosure Statement, on May 1, 2024, the Debtor filed a Second Amended Plan and Disclosure Statement (the "Second Amended Plan"). [Doc. Id. 66].  The Second Amended Plan provided that "[t]he Debtor shall obtain a $360,000 gift from Rene Garza, Debtor's brother in law, to reimburse Seers Labs, LLC or its principal for monies expended in an effort to purchase the property after it was posted for foreclosure, by the effective date of the plan or following confirmation of Debtor's plan."  See Second Amended Plan, Page 11. As evidence supporting the Second Amended Plan, the Debtor filed a third Declaration signed by Rene Garza wherein he agreed to make a $360,000.00 gift to the Debtor to fund the Second Amended Plan. [Doc. Id. 67-2].

7.      At the hearing on the Second Amended Plan on May 3, 2024, the Court approved the Disclosure Statement, but ordered that the Debtor file an amended plan, classifying Seer as

impaired on or before May 10, 2024 (the "Plan Deadline"). [Doc. Id. 68]. Further, at the hearing,

the Court set confirmation for June 17, 2024, with objections due June 10, 2024 and ballots due on

June 13, 2024. Id. Additionally, the Court orally denied the Motion to Dismiss, without prejudice

to Seer re-urging the Motion to Dismiss at a later date. [See docket entry for May 3, 2024 hearing].

8.      Prior to the Plan Deadline, the Debtor and Seer, along with counsel for each met and

reached a written agreement (the "Agreement"), signed by both the Debtor and Seer.  In accordance

with the terms of the Agreement, the Debtor agreed to pay Seer $360,000.00. In exchange for such

payment, Seer agreed to execute a special warranty deed, transferring the Property, as defined in

the Motion to Dismiss, to the Debtor and his wife, Marina T. Cano.

9.      On the Plan Deadline, the Debtor timely filed his Third Amended Plan (the "Agreed

Plan"), which properly classified Seer as impaired and incorporated the terms of the Debtor's and

Seer's Agreement. [Doc Id. 70]. Specifically, the Agreed Plan provides that the Debtor will pay

Seer $360,000.00 on the effective date of the Agreed Plan. See Page 12 of the Agreed Plan. The

Debtor further acknowledged the Agreement in the Agreed Plan. See Page 14 of the Agreed Plan.

10.     The Debtor attached to the Agreed Plan a fourth declaration of Rene Garza, which

now promised to provide a $400,000.00 gift to the Debtor to assist in funding the Agreed Plan.

[Doc. Id. 70-1].

### Limited Objection to Motion to Withdraw

11.     Counsel for the Debtor filed the Motion and seeking expedited relief without a

hearing.  As a basis for the Motion, counsel for the Debtor cites Paragraphs 4-6 of Rules 1.15 of the

Texas Rules of Professional Conduct. In support of his argument that Paragraphs 4-6 permit his

withdrawal, counsel states that he "believes, upon information, that Debtor has an unconfirmable

plan." See Motion, Paragraph 7. He further states that "Client insists on arguing for the plan or a

modified plan at the June 17, 2024 [confirmation] hearing." As shown above and in the Agreed Plan, Seer does not object to its treatment in the Agreed Plan, which was a product of the signed Agreement. The Motion does not describe why the Agreed Plan is unconfirmable, and Seer is left to speculate, especially in light of the Agreement and signed Declarations of Rene Garza, made under the penalty of perjury.

12.     While Seer does not disagree that the fundamental disagreement between Debtor and his counsel described in the Motion could be cause for withdrawal under the Texas Rules of Professional Conduct, Seer objects to any potential delay caused by the requested withdrawal. While the Motion cites that withdrawal can be accomplished *without material adverse effects to the interests of the Debtor*, it also contemplates the Court's allowance of time to permit the Debtor to hire new counsel.  And nowhere in the Motion does it state that the withdrawal would not be prejudicial to the creditors or other parties in interest, such as Seer.

13.     Rule 83.2 of the Local Rules for the Southern District of Texas provide that "[a]lthough no delay will be countenanced because of a change in counsel, withdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court." The Bankruptcy Local Rules specifically incorporate the Local Rules for the Southern District of Texas. See BLR 1001-1(b).

14.     The Motion was filed on the eve of confirmation of the Agreed Plan. Despite the Debtor having few creditors, few assets, and a small amount of unsecured debt, the Bankruptcy Case will celebrate its first birthday in two months' time. Any further delay would be prejudicial to Seer and the other creditors.

15.     The Motion affirmatively states that in counsel's opinion, the Agreed Plan is not feasible. Yet, the Agreed Plan has not been withdrawn. Seer is left to speculate as to whether to file

a ballot or not on June 13, 2024 or whether it will be left to scramble objecting to a new plan, to which it did not agree.

WHEREFORE, for these reasons, Seer respectfully requests that the Court set a hearing on the Motion and impose conditions on the withdrawal that will be fair and equitable to all parties. Seer further requests such other and further relief to which Seer may show itself justly entitled.

Dated:  June 6, 2024.

Respectfully submitted,

**Laguna Law, PLLC**
**1305 E. Nolana Ave.**
**Ste. F**
**McAllen, Texas 78504**


/s/ Jeana Laguna
Jeana Laguna
State Bar No.: 24074611
Southern District No. 1129085
(956) 605-1581
jeana@laguna-law.com

**Attorney for Seer Labs, LLC**

## **Certificate of Service**

I certify that a true and correct copy of the foregoing document was forwarded to the following persons, as well as those persons required to receive notice of the relief requested and/or who have requested to be served by any applicable Bankruptcy Rule, by the Court's CM/ECF Noticing System, by first class mail, postage prepaid, and/or electronic transmission on June 6, 2024:

Michael Keith Cano
2006 Dorado Diver
Mission, Texas 78573

Antonio Martinez, Jr.
Law Offices of Antonio Martinez, Jr., PC
317 W. Nolana Avenue, Suite C
McAllen, Texas 78504

Jeremy Shane Flannery
615 E. Houston Street, Suite 533
San Antonio, Texas 78205

Andrew Jimenez
United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002

*/s/ Jeana Laguna*
 Jeana Laguna