# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 23-70170 |
| MICHAEL KEITH CANO, § | |
| § | CHAPTER 11 |
| DEBTOR § | |

### EXPEDITED MOTION OF THE UNITED STATES TRUSTEE
### TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b)

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Expedited Relief has been requested. If the Court considers the Motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response. The U.S. Trustee is seeking an expedited hearing on June 17, 2024.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Kevin M. Epstein, the United States Trustee for Region 7 ("U.S. Trustee"), through the undersigned counsel, files this Motion to Dismiss Case ("Motion") seeking an order dismissing the above entitled Chapter 11 case under 11 U.S.C. § 1112(b) because: 1) there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; 2) the Debtor failed to maintain appropriate insurance that poses a risk to the estate or to the public; and 3) the Debtor failed to timely to provide information requested by the U.S. Trustee.

## I. INTRODUCTION

1. The U.S. Trustee requests dismissal of this Chapter 11 case pursuant to his supervisory duties as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to convert or dismiss a Chapter 11 case for "cause" under 11 U.S.C. § 1112(b).

2. Simply put, there is no reasonable likelihood of rehabilitation by the Debtor given his current circumstances and financial situation. Upon information and belief, the primary funding source for the Debtor's *Third Amended Plan of Reorganization* — a $400,000 "gift" from his brother-in-law, Rene Garza — is no longer available because Mr. Garza has withdrawn his offer of support.

3. Additionally, despite the U.S. Trustee's ongoing requests, through counsel, the Debtor has failed to prove that he is maintaining appropriate insurance, the failure of which poses a risk to the estate or to the public. Additionally, the Debtor has repeatedly failed to timely provide information reasonably requested by the U.S. Trustee including the failure to provide proof of the maintenance of adequate insurance coverage related to the real property in dispute at 2006 Dorado Drive, Mission, TX 78573 (the "Mission Property"). It is unclear if the Debtor has appropriate insurance coverage as he has never made the U.S. Trustee a notice party to any policy carried as required and repeatedly requested.

4. Last, the Debtor has consistently filed his Monthly Operating Reports late and has not filed the Monthly Operating Report for April 2024 (with May's Report coming due shortly), making a thorough assessment of his current financial circumstances difficult. Therefore, dismissal is appropriate.

## II.  SUMMARY OF RELEVANT FACTS

5.  The Debtor filed this case on August 29, 2023, as an individual Chapter 11 matter.

6.  The U.S. Trustee sent his Chapter 11 Operating Instructions and Reporting Requirements ("OIRR") to the Debtor and HIS counsel on or about August 31, 2023. Included in the information required by the U.S. Trustee is proof of adequate insurance coverage related to the Debtor's assets and activities, particularly his personal residence, the Mission Property. Counsel for the Debtor indicated early on he believed that the Debtor was adequately insured but he could not produce proof thereof and did not know if the insurer had been contacted to include the U.S. Trustee as a listed certificate holder/notice party.

7.  Despite recurring requests, the Debtor has provided no supporting information to verify that adequate insurance coverage exists on the Mission Property nor that the U.S. Trustee has been added as a notice party to the policy.

8.  On December 26, 2023, the Debtor filed his *Plan of Reorganization and Disclosure Statement*. Docket No. 31 (the "Disclose Statement"). Creditor Seer Labs, LLC objected to approval of the Disclosure Statement on February 3, 2024. *See*, Docket No. 36. After an evidentiary hearing on February 8, 2024, the Court sustained Seer Labs, LLC's objection and denied approval of the Disclosure Statement. Docket No. 44. However, the Court granted the Debtor an extension of time until on or before March 7, 2024 to file an amended Disclosure Statement. *Id*.

9.  When the Debtor failed to timely file an amended Disclosure Statement as ordered, the Court issued an Order requiring him to show cause why an amended Disclosure Statement had not been timely filed or why the case should not be dismissed or converted to Chapter 7 and setting the matter for hearing on March 29, 2024. Docket No. 51. Additionally, Creditor Seer Labs, LLC filed a *Motion to Dismiss* the case on March 22, 2024. Docket No. 54.

10. The day before the scheduled Show Cause hearing, the Debtor filed his *First Amended Plan or Reorganization and Disclosure Statement.* Docket No. 55 (the "First Amended Disclosure Statement"). At the Show Cause hearing held on March 29, 2024, the Court admonished the Debtor and counsel for filing documents out of time without Court approval. Subsequently, the Court entered orders setting the First Amended Disclosure Statement for approval and Seer Labs' Motion to Dismiss for hearing on May 3, 2024, Docket Nos. 56 and 57.

11. On April 26, 2024, Seer Labs objected to the approval of the Debtor's First Amended Disclosure Statement. Docket No. 62.

12. On May 1, 2024, two days before the scheduled hearing, the Debtor filed his *Second Amended Plan of Reorganization and Disclosure Statement.* Docket No. 66 (the "Second Amended Disclosure Statement"). At the hearing, the Court denied Seer Labs' Motion to Dismiss without prejudice and approved the Debtor's Second Amended Disclosure Statement but ordered the Debtor to amend his Plan to treat Seer Labs, LLC as an impaired creditor, and set the matter for confirmation on June 17, 2024. Docket No. 68.

13. On May 10, 2024, Debtor amended his Plan accordingly. Docket No. 70 (the "Third Amended Plan"). The Third Amended Plan continues to rely upon a "gift" of $400,000.00 from Rene Garza, the Debtor's brother-in-law, in order to fund the plan so that it is feasible.

14. Upon information and belief, after the filing of the Third Amended Plan, Mr. Garza withdrew his offer of support and is no longer willing to gift $400,000 to the Debtor.

15. On June 5, 2024, Counsel for the Debtor, Mr. Martinez, filed his *Motion to Withdraw as Counsel* for the Debtor citing his belief, amongst other concerns, that the Debtor's Plan is unconfirmable as proposed. Docket No. 72, ¶ 7. Presumably, this position of counsel stems from his knowledge and belief that Mr. Garza has withdrawn his offer of funding/financing.

16. As of the filing of this Motion, the Debtor has also failed to file the most recent Monthly Operating Report for April 2024 (with the May Report coming due soon).

### III.  EXPEDITED RELIEF REQUESTED

17. The U.S. Trustee is seeking expedited relief for several reasons. First, counsel for the Debtor is seeking to withdraw. Without counsel, it is unclear how the Debtor can move his case forward toward plan confirmation. Second, the Third Plan is set for a confirmation hearing on June 17, 2024, but it appears that the funding source for the plan no longer exists. As such, there no longer appears to be a feasible path for this case to proceed under chapter 11. Third, the U.S. Trustee does not have evidence that the primary asset in this case — the Mission Property — is insured. The lack of insurance poses a risk of harm to this estate that should be resolved on an expedited basis.

### IV.  CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE

18. Section 1112(b)(1) of the Bankruptcy Code provides that the bankruptcy court shall dismiss or convert a case for "cause" when it is in the best interests of creditors and the estate. Section 1112(b)(4) of the Bankruptcy Code enumerates sixteen situations, any one of which may be sufficient for a Debtor to justify dismissal of the case. As applicable to this Motion, under section 1112(b)(4), the term "cause" includes –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> 
> * * * * *
> 
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> 
> * * * * *
> 
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> 
> * * * * *

> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

19. Additionally, the Court may prohibit a debtor from filing another bankruptcy petition for a period of 180 days where the debtor fails to properly prosecute the case or fails to abide by the orders of the Court. 11 U.S.C. §§ 105, 109(g)(1), and 349(a). Such a bar to refiling is appropriate in this case given the failure to successfully prosecute confirmation of a plan and the filing history of the Debtor and his spouse.

A. **There is "cause" to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(A).**

20. Dismissal or conversion under 11 U.S.C. § 1112(b)(4)(A) includes two elements: (1) substantial or continuing loss to or diminution of the estate, and (2) the absence of reasonable likelihood of rehabilitation. *In re Ozcelebi*, 639 B.R. 365, 384 (S.D. Tex. 2022).

21. Dismissal or conversion is appropriate when "the moving party shows continuing losses coupled with the absence of a reasonable likelihood of rehabilitation, or the inability to effectuate a plan of reorganization." *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991). In this case, both prongs have been established.

22. First, there is a continuing diminution of the estate. The Debtor and his spouse's historical employment income was insufficient to service the debt on the Mission Property, including taxes, for years, such that it was eventually foreclosed on and sold at Sheriff's sale.

23. It does not appear that the Debtor and his nonfiling spouse's income situation has improved since filing bankruptcy. A review of the Debtor's Monthly Operating Reports demonstrates the Debtor's ongoing poor cash flow position, and Debtor's counsel himself observes in the most recent Report: "Key observation: Debtor marginally cut expenses to meet plan objectives, but needs to do better." Docket No. 62-2, pg 1. Even if the Debtor belt-tightens further,

it does not appear that he will not be able to make monthly mortgage payments and pay all of his other living expenses, with his current disposable income.

24. Additionally, the Debtor's counsel has also indicated that the Mission Property's condition has deteriorated over time and may now need significant repairs.

25. Last, the Debtor's counsel has informed counsel for the U.S. Trustee that the proposed source of plan funding — a gift from the Debtor's brother-in-law — is no longer available. The Debtor's inability to make Seer Labs, LLC whole upon the Plan effective date, along with the deteriorating condition of the property, continually accruing property taxes and insurance premiums, ongoing U.S. Trustee quarterly fees, and attorney fees (including fees to retain new counsel should Mr. Martinez be permitted to withdraw), are all reflective of the continuing diminution of the estate.

26. In summary, Debtor's circumstances demonstrate that the estate is experiencing substantial or continuing loss, and with such substantial or continued losses, there is little to no chance of rehabilitation. The Amended Plan is no longer feasible and cannot be confirmed. Accordingly, this case must be dismissed or converted under § 1112(b)(4)(A) in light of the Debtor's ongoing losses and inability to rehabilitate or reorganize.

**B.     *There is "cause" to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(C) & (H).***

27. Failure to maintain appropriate insurance and the failure to provide the U.S. Trustee with proof thereof are additional basis for dismissal in this case under 11 U.S.C. § 1112(b)(4)(C) or (H), respectively. The Debtor's failure to maintain adequate insurance for the Mission Property

and provide proof thereof contravenes the Bankruptcy Code and the U.S. Trustee's Region 7 Guidelines for Debtors-in-Possession.[1]

28. Without appropriate insurance, there is a risk of loss to the bankruptcy estate. *See, e.g., Dickey v. Harrington*, 559 B.R. 547, 550 (D. Mass. 2016) (affirming bankruptcy court's finding of "cause" for dismissal based on the debtor's failure to properly insure an asset of the estate, which posed a risk of loss to the estate). Additionally, the failure "to provide information reasonably requested by the U.S. Trustee warrants dismissal of the Debtor's case" under 11 U.S.C. § 1112(b)(4)(H). *In re CA Fin. Sol.*, Case No. 19-00676 (RJF), 2019 WL 2869566, at *9 (Bankr. D. Haw. July 1, 2019) (citing *In re Pappas*, 17 B.R. 662 (Bankr. D. Mass. 1982) (ruling that debtor's failure to produce information in compliance with U.S. Trustee requirements is cause to convert a chapter 11 case to a chapter 7 case)).

29. Accordingly, this case must be dismissed or converted under § 1112(b)(4)(C) and/or (H) in light of Debtor's ongoing failure to maintain appropriate insurance or the failure to provide the U.S. Trustee with proof thereof.

C. *There is "cause" to dismiss or convert for failure to file the April Operating Report.*

30. Cause exists to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(F) because the Debtor has failed to file his April 2024 monthly operating report.

31. The Debtor's failure to file a monthly operating report for April 2024 is cause for conversion or dismissal under 11 U.S.C. §§ 1112(b)(4)(F). Timely and accurate financial

---

[1] See https://www.justice.gov/ust-regions-r07/file/r07_dip_guidelines.pdf/download. Additionally, upon information and belief, creditor Seer Labs, LLC informed the Debtor and the U.S. Trustee that it was unable to secure insurance for the Mission Property because the insurance companies contacted required access to the Mission Property prior to issuing a binder or policy and were denied access.

disclosure is "the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Due to the Debtor's failure to file the April 2024 operating report, the Court should find "cause" to convert or dismiss this case.

### D.     *Dismissal, as opposed to conversion, appears to be in the best interest of creditors.*

32.     Upon finding "cause," the Court must either dismiss or convert this case, whichever is in the best interest of creditors. In this case, it does not appear that there are sufficient assets to provide a meaningful distribution to unsecured creditors. Accordingly, this case should be dismissed. Additionally, the court should prohibit the Debtor from filing another bankruptcy petition for a period of 180 days given his failure to properly prosecute the case and his household's history of filings.

## V.  CONCLUSION

33.     The U.S. Trustee has demonstrated that sufficient cause exits to dismiss this case under 11 U.S.C. § 1112(b)(1) and dismissal appears to be in the best interest of creditors and the estate. Debtor is enjoying the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code or the U.S. Trustee Guidelines.

34.     For the reasons above, the Court should dismiss or convert this bankruptcy case, and provide any further relief as may be just and proper. In the event of conversion, the U.S. Trustee requests that the Court order the Debtor to comply with the provisions of Bankruptcy Rule 1019 and file all monthly operating reports due pursuant to Rule 2015(a)(5). In the event of dismissal, the U.S. Trustee requests that the order provide for the filing of all outstanding monthly operating reports and to pay all outstanding quarterly fees.

WHEREFORE, the U.S. Trustee respectfully requests that the Court to grant this Motion and enter an Order dismissing this case pursuant to 11 U.S.C. § 1112(b) with a 180-day bar to refiling, and for other and further relief as may be just and proper.

Dated: June 11, 2024

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE – REGION 7
Southern and Western Districts of Texas

By: */s/ Jeremy Shane Flannery*
Jeremy Shane Flannery
Trial Attorney
NC State Bar No. 27826
615 E. Houston St., Ste. 533
San Antonio, TX 78205
Telephone: (210) 472-4631
Facsimile: (210) 472-4649
Email: Jeremy.S.Flannery@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing EXPEDITED MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b) was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List (not attached to mailing copy) on the 11th day of June, 2024.

*/s/ Jeremy Shane Flannery*
Jeremy Shane Flannery
Trial Attorney